JUSTICE BAKER,
concurring.
¶31 I concur in the disposition of Steigelman’s appeal, but I write to supplement the Court’s evaluation of the fourth Ariegwe factor. Steigelman expressly argues that where the length of delay is presumptively prejudicial and each of the first three speedy trial factors weighs in his favor, the District Court erred by placing a high burden on him to demonstrate prejudice. Steigelman points out that the District Court denied his motion to dismiss based on its finding that ‘the prejudice to the defendant is just simply not great in this case.” Noting that the State bears the burden of bringing him to trial, and since the delay was over twice the 200-day trigger, Steigelman argues that it was not his burden to prove “great” prejudice, but the State’s job to make a ‘highly persuasive showing that [he] was not prejudiced by the delay.” State v. Burns, 2011 MT 167, ¶ 22, 361 Mont. 191, 256 P.3d 944.
¶32 Steigelman raises a point on which our post-Ariegwe decisions have touched but that we have not further developed in analyzing the prejudice factor of the speedy trial analysis. That is, while Ariegwe counsels that no one factor is determinative but that all must be considered together with other relevant circumstances (Opinion, ¶ 13), must prejudice be affirmatively demonstrated in order for an accused’s speedy trial claim to prevail?
¶33 We made clear in Ariegwe that the length of delay plays a significant role in evaluating the prejudice factor. ‘Thus, the further the delay stretches beyond the trigger date, the stronger is the *360 presumption under Factor Four that the accused has been prejudiced by the delay.” Ariegwe, ¶ 107. In that case, and in several since, we have noted that as the delay increases beyond 200 days, “the State’s burden to justify the delay increases.” State v. Billman, 2008 MT 326, ¶ 18, 346 Mont. 118, 194 P.3d 58 (citing Ariegwe, ¶¶ 56, 62) (emphasis added); see also State v. Hendershot, 2009 MT 292, ¶ 28, 352 Mont. 271, 216 P.3d 754; State v. Stops, 2013 MT 131, ¶ 25, 370 Mont. 226, 301 P.3d 811. Importantly, justification for the delay is part of Factor Two of the speedy trial analysis, not the prejudice factor. We observed in Ariegwe that the length of delay plays a significant role in linking the second and fourth factors. Thus, as the delay stretches further beyond the 200-day trigger date, the required showing of prejudice lessens and the required showing of justification increases. Ariegwe, ¶ 107.
¶34 We also have referred to the ‘State’s burden” in discussing the prejudice factor, ruling in State v. Couture, 2010 MT 201, ¶¶ 49, 55, 357 Mont. 398, 240 P.3d 987, that the State was required to “make ‘a very persuasive showing’” and that the State bore “a heavy burden to show” that the defendant was not prejudiced by a 924-day delay in bringing the charges to trial. In Couture, while we stated that “the accused’s failure to submit affirmative proof of prejudice is not fatal to a speedy trial claim,” ultimately we concluded that the defendant had ‘hot demonstrated an impaired ability to present an effective defense as a consequence of the delay,” and we therefore rejected his speedy trial claim. Couture, ¶¶ 67, 70.
¶35 Similarly, in State v. Lacey, 2010 MT 6, ¶¶ 24-26, 355 Mont. 31, 224 P.3d 1247, we rejected the defendant’s speedy trial claim notwithstanding a more than eight-year delay, based on the combination of his intentional actions in avoiding being brought to trial and the lack of evidence of direct prejudice to his defense. We noted that, “under certain circumstances, where the length of delay is great, the accused’s burden of presenting affirmative evidence of prejudice is lessened.” Lacey, ¶ 23 (citing State v. Hardaway, 2009 MT 249, ¶ 26, 351 Mont. 488, 213 P.3d 776) (emphasis added).
¶36 Our cases reflect what the U.S. Supreme Court held directly in Doggett: that “affirmative proof of particularized prejudice is not essential to every speedy trial claim .’’Doggett, 505 U.S. at 655, 112 S. Ct. at 2692. The Court recognized that “excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.” Although it must be considered together with the other factors and “cannot alone carry” a speedy trial claim, presumptive prejudice ‘is part of the mix of relevant facts, and *361 its importance increases with the length of delay.” Doggett, 505 U.S. at 655-56, 112 S. Ct. at 2692-93. The Court made clear that the government’s negligence in bringing an accused to trial is not “automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him.” Doggett, 505 U.S. at 657, 112 S. Ct. at 2693. The circumstances in Doggett represented the “middle ground” between bad-faith conduct by the government-in which case its eight-and-a-half-year delay in bringing the defendant to trial “would present an overwhelming case for dismissal”-and diligent attempts by the government to locate and prosecute the defendant-in which case his speedy trial claim would fail “as a matter of course however great the delay, so long as Doggett could not show specific prejudice to his defense.” Doggett, 505 U.S. at 656-57, 112 S. Ct. at 2693.
¶37 As we held in Ariegwe, ‘It is doubtful that the mere passage of time could ‘conclusively’ establish that the accused has been denied his or her right to a speedy trial.” Ariegwe, ¶ 60. Thus, although there may be cases where the absence of prejudice will not defeat a speedy trial claim, those cases will be few and far between-most likely a case involving government bad faith or conduct similarly egregious to that involved in Doggett, where the government’s negligence caused delay six times longer than the trigger for review and where “the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant’s acquiescence, ... nor persuasively rebutted [by the government].” Doggett, 505 U.S. at 658, 112 S. Ct. at 2694. That combination of factors is not present here. While, as Steigelman notes, several trial dates in this case simply “came and went without action” from the State to bring him to trial, the delay in this case largely was institutional and not attributable to either bad faith or negligence by the State of the sort that would entitle a presumption to carry the day without any showing of actual prejudice. Ariegwe, ¶ 60 (noting Doggett's combination of excessive delay and the government’s lack of diligence). As the Court holds (Opinion, ¶ 29), the evidence in this case fell short in that showing and the District Court properly denied Steigelman’s motion.
JUSTICE McKINNON joins in the concurring Opinion of JUSTICE BAKER.